UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMAL HEADEN, | ) |
| Petitioner, | ) |
| vs. | ) No. 2:17-cv-00377-WTL-MJD |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Jamal Headen for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-05-0019. For the reasons explained in this Entry, Headen's habeas petition must be **granted**.

A.   Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 29, 2017, Officer Reagin issued a Report of Conduct to Headen for a violation of Code B-202, possession of a controlled substance, which includes the possession of drug paraphernalia. The Report of Conduct stated:

> On 4-29-17 at approximately 1:00 P.M. I c/o Reagin performed a cell shakedown on cell #409 in PHU. Offender Headen, Jamal DOC# 196514 resides in this cell. I c/o Reagin found several strips of brown paper consistent with drug [paraphernalia] while searching the trash can inside cell #409.

Headen was provided notice of the offense on May 3, 2017. Headen requested the use of a lay advocate but did not request any witnesses or physical evidence. The Disciplinary Hearing was held on May 4, 2017. Headen stated, "I'm in school. I don't do drugs. Can you drop it to a C? I've been smoking chewing tobacco that the c/os chew." The Hearing Officer found Headen guilty based on the staff reports, offender statement, photo of the papers, confiscation slip, and statement from OII. The recommended and approved sanctions were a written reprimand, loss of privileges, and 90 days of lost earned credit time. A demotion of one-credit class was recommended, but suspended. The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense, the frequency and nature of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of sanction having a corrective effect on the offender's future behavior.

Headen appealed to the Facility Head on May 8, 2017, which was denied on June 5, 2017. Headen then appealed to the Final Reviewing Authority, who denied his appeal on July 6, 2017.

### C. Analysis

Headen challenges the disciplinary action against him arguing that he was denied requested evidence, that code section at issue does not apply to rolling paper, and that prison

policy was violated. Because the petition can be decided on Headen's challenge to the charge against him, the other arguments will not be considered.

Headen argues that his alleged conduct does not satisfy the definition of the offense. This is understood to be an argument that the evidence is insufficient to support the conviction. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Headen was charged with and convicted of violating Code B-202, which is defined as: "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Headen argues that rolling papers are excluded from the Indiana Code's criminalization of drug paraphernalia. Headen points to Indiana Code 35-48-4-8.3 which is titled: "Knowingly or intentionally possessing an instrument, device, or object intended to introduce a controlled substance into the body . . ." That statute states: (a) this section does not apply to a rolling paper. But Code B-202 prohibits possession of a controlled substance under Indiana or federal law "*or possession of*

*drug paraphernalia*." Thus, although rolling papers are excluded from Indiana law, they may still be considered to be drug paraphernalia under Code B-202.

While rolling papers may be considered to be drug paraphernalia under Code B-202, Headen also argues that there was no evidence to support a conclusion that the rolling papers were related to drugs. Here, the only evidence presented in support of the charge of possession of a controlled substance is the Report of Conduct which states that Officer Reagin found "several strips of brown paper consistent with drug [paraphernalia]" in a trash can in Headen's cell, the confiscation slip, a picture of the paper, and a statement from "OII" which states, among other things, that "the facility is going to rely on the circumstances surrounding the items found and identified as synthetic marijuana."[1] None of these items supports a conclusion that that the rolling papers were drug paraphernalia. While the Conduct Report states in a conclusory fashion that the papers are "consistent with drug [paraphernalia]," there is no description of the surrounding circumstances or other explanation regarding how that conclusion was reached.

Moreover, as Headen points out, there is another, lesser, disciplinary code applicable to tobacco products. Code C-305 Use/Possession of Tobacco prohibits "Possession and/or use of tobacco, tobacco associated products or unauthorized tobacco substitute products (including, but not limited to cigarette lighter, pack of matches, rolling papers, electronic cigarettes, etc.)" The fact that another Code exists that explicitly applies to "rolling papers" creates a strong presumption that there is at least a category of materials, which includes "rolling papers," that may qualify as a tobacco product, but would require more to qualify as a controlled substance. The "OII" statement provides that the facility will "rely on the circumstances surrounding the

---

[1] This statement was included as part of the Report of the Disciplinary Hearing and is titled "Suspicious Controlled Substance Confirmation." It appears to be an expression of general DOC policy followed by a conclusory application of that policy to the papers found in Headen's trash.

items" to determine whether they are drugs or drug paraphernalia, but no such circumstances were explained here. Without such circumstances, it is arbitrary to conclude that the "rolling papers" were drug paraphernalia and not tobacco products as Headen claims.

As already explained, the "some evidence" standard requires that there is evidence in the record supporting the decision and that the "result is not arbitrary." *Ellison*, 820 F.3d at 274. Here, because there is no evidence that there was something related to the rolling papers that supports a conclusion that they were more than just tobacco products, the conclusion that the papers were "drug paraphernalia" is arbitrary. In other words, there is not sufficient evidence to support the conclusion and Headen's petition for a writ of habeas corpus must be granted.

### D. Conclusion

Haden's petition for a writ of habeas corpus is **granted**. The disciplinary sanctions imposed as a result of prison disciplinary proceeding WVD 17-05-0019 are **vacated**, meaning his lost good-time credits must be **immediately restored**, and his new release date must be calculated accordingly.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/5/18

Hon. William T. Lawrence, Judge
United States District Court
Distribution:                                Southern District of Indiana

JAMAL HEADEN
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically Registered Counsel